GARIN LAW GROUP
JOSEPH P. GARIN, ESQ.
Nevada Bar No. 6653
LISA J. ZASTROW, ESQ.
Nevada Bar No. 9727
9900 Covington Cross Drive, Suite 210
Las Vegas, Nevada 89144
Phone: (702) 382-1500
Fax: (702) 382-1512
jgarin@garinlawgroup.com
lzastrow@garinlawgroup.com

*Attorneys for Defendants/Counter-Plaintiffs*

# DISTRICT COURT

# CLARK COUNTY, NEVADA

| | |
|---|---|
| VADATECH, INC., a Nevada Corporation,<br><br>    Plaintiff/Counter-Defendant,<br>vs.<br><br>DATA PHYSICS CORPORATION, a Delaware Corporation; NOISE & VIBRATION TECHNOLOGIES, LLC, a Delaware limited liability company; DOE individuals 1-100 and DOE CORPORATIONS OR OTHER ENTITIES 1-100, inclusive,<br><br>    Defendants/Counter-Plaintiffs. | Case No:  2:24-cv-02273-CDS-EJY<br><br>**AMENDED STIPULATED PROTECTIVE ORDER** |

To protect confidential information in certain discovery material that may be disclosed in this dispute, Plaintiff Vadatech, Inc. and Defendants Data Physics Corporation and Noise & Vibration Technologies, LLC (collectively "the Parties" and each a "Party") wish to ensure that any such confidential information shall not be used for any purpose other than in connection with this dispute and shall not be made public by any Party to this action, except as set forth in this Stipulation and [Proposed] Protective Order (collectively referred to as the "Agreement"). The Parties to this action, through their attorneys of record, represent that they have no wish or intention to use

such confidential information for any purpose other than set forth in this Agreement.

Accordingly, the Parties agree that the following procedure shall be employed for the protection of confidential information.

## PURPOSE AND SCOPE

1.     Discovery in this action may involve the disclosure of Confidential Information (as defined below) entitled to protection. This Agreement serves to protect each Party against the unauthorized disclosure of such Confidential Information. This Agreement applies to all discovery material which shall include responses to interrogatories, responses to requests for admission, responses to requests for production of documents, documents or other materials produced by a Party, results of inspections of things, deposition testimony (and all copies, excerpts and summaries thereof), and all other material produced, including from third parties, filed or otherwise used in the course of pre-trial discovery and other pre-trial proceedings in this action (collectively "Discovery Material(s)").

## APPLICABILITY

2.     This Agreement shall apply to the Parties presently named or later joined in this action including, in the case of Parties other than individuals, their officers, directors, employees, and agents and any other person or entity who produces Discovery Materials in this lawsuit and who agree to abide by this Agreement ("Producing Party").

3.     This Agreement shall apply to the Parties presently named, and all of those later joined in this action including, in the case of Parties or future parties other than individuals, their officers, directors, employees, and agents and any other person or entity who receives Discovery Materials in this lawsuit and who will agree to abide by this Agreement ("Receiving Party").

4.     The term document shall have the most comprehensive and inclusive meaning ascribed to it, including, without limitation, any written, recorded, electronically stored, or graphic material.

**DESIGNATION OF CONFIDENTIAL MATERIALS**

5. In producing any Discovery Material, the Producing Party may designate any Discovery Material as "CONFIDENTIAL" if it contains or comprises non-public information that refers to or relates to, inter alia, privileged attorney-client communications, confidential attorney work product, trade secrets, financial information, classified information and/or any other material entitled to protection as commercially proprietary information. ("Confidential Information.")

6. All Confidential Information shall be governed by this Agreement and by the Protective Order to be entered by the Court

7. A designation of "CONFIDENTIAL" shall constitute a representation to the Court, made in good faith, that the Confidential Information is not reasonably believed to already be in the public domain and that counsel believes the information so designated constitutes Confidential Information as defined in this Agreement.

8. Access to all materials designated as "CONFIDENTIAL" shall, in the first instance, be limited to the Receiving Party, its counsel, their legal associates, and regularly employed office staff, who shall all be instructed regarding the prohibition against disclosure to anyone else.

9. Transcripts of depositions taken in this action shall be given the protections afforded Confidential Information under this Agreement for ten (10) business days after a complete copy of the transcript has been provided to the deponent or his or her counsel and the deposition has been concluded as to said witness in order to allow the Parties and third parties to designate information contained in the transcript as Confidential Information. No more than ten (10) business days after receipt of the complete transcript, counsel for any of the Parties or the deponent may designate the portions of the deponent's deposition that qualify as Confidential Information by page number and line number. Such designation shall be communicated in writing to all Parties. Any Party or deponent may also designate specific testimony or transcript pages as Confidential Information by notice on the record during the deposition.

10. If any Party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as "CONFIDENTIAL" in accordance with this Agreement, the Producing Party may within ten (10) business days give written notice that the Confidential Information produced is "CONFIDENTIAL" and should be treated as such per the provisions of this Agreement. The Receiving Party shall treat such information as Confidential Information from the date such notice is received, and to the extent, the Receiving Party has disclosed such information to persons not authorized to receive it under this Agreement, the Receiving Party will use best efforts to retrieve and re-designate the information. As set forth more fully in Section 18, the above shall not apply to any inadvertently produced attorney-client privileged or attorney work product protected material or document, which shall be able to be "clawed back" by the inadvertently Producing Party in accordance with Ninth Circuit precedence.

11. Except with the prior written consent of the Producing Party, a Receiving Party shall not disclose, directly or indirectly, Confidential Information hereunder to persons other than the following:

(a) The Court, persons employed by the Court, jurors, and stenographers transcribing the testimony or argument at a hearing, trial, or deposition in this action or any related contribution action, or any appeal therefrom;

(b) Counsel for the Parties in this action, including in-house counsel, associates, legal assistants, paralegals, secretarial and clerical employees, and outside services (including, without limitation, copy services, litigation consulting services, document management services, and graphics services) who are assisting counsel in the prosecution, defense, appeal, or settlement of this action and only in connection with this action;

(c) Anticipated and actual deponents, trial witnesses, and hearing witnesses in this action or any related contribution action, but only as necessary to their testimony or anticipated testimony (and, in the case of trial or hearings, subject to the procedures

to be established pursuant to paragraphs 13 and 14);

  (d) Persons identified in a document designated as Confidential as an author of the document in part or in whole, or persons to whom a copy of such document was sent before its production in this action;

  (e) A Party to this action or any officer, director, or employee of a Party to this action and only in connection with this action or any related contribution action;

  (f) Independent experts and consultants retained, employed, or consulted by counsel in connection with the prosecution, defense, appeal, or settlement of this action, including their secretarial and clerical employees who are assisting in the prosecution, defense, appeal, or settlement of this action and only in connection with this action or any related contribution action;

  (g) Any other person as to whom the Parties have agreed in writing;

  (h) Reinsurer(s). It is agreed, however, that a Party will provide notice of this Agreement and bind its reinsurer(s) to the terms of this Agreement before providing it or them with materials under this Agreement;

  (i) Government Regulators to the extent required; and

  (j) As required by court order or compulsion via subpoena. If a subpoena or a motion to compel production of materials subject to this Agreement is served and/or filed on a Party as the case may be, that Party shall give the Producing Party written notice within five (5) business days of receiving such a motion. The Producing Party may then elect to reasonably challenge the motion at its own cost.

  Confidential Information may only be disclosed to any person identified in (f), (g), and (h) above, provided: (1) the person or entity is provided with a copy of this Agreement, and (2) the person executes a sworn statement in the form attached as Exhibit "A" or states on the record or in open court that he or she has read this Agreement and agrees to be bound by its terms or agrees to bind the entity the person represents to the Agreement's terms.

  12. Discovery Materials designated "CONFIDENTIAL" and the information

therein may be disclosed as reasonably perceived necessary by counsel to assist in preparation of either Party's case to investigators, retained consultants, or retained experts, whose investigation skills or expertise are being used or may be used in connection with the present case and who, before such disclosure, have executed the form attached as Exhibit "A" acknowledging and agreeing to be bound by the terms of this Confidentiality Agreement which prohibits disclosure to anyone other than a person designated in this Stipulation and Order.

13. All court filings containing Confidential Information or information contained only in Confidential items shall be filed under seal. A party seeking to file a confidential document under seal must file a motion to seal and must comply with the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016); and with the requirements of Local Rule 10-5. If papers are filed under seal consistent with a prior order, the papers must state on the first page, directly under the case number: "FILED UNDER SEAL UNDER COURT ORDER (ECF No. ___)." All papers filed under seal will remain sealed until the Court either denies the motion to seal or enters an order unsealing them.

14. The parties are not automatically permitted to file documents under seal. The Party seeking leave of Court shall show "compelling reasons" (where the motion is more than tangentially related to the merits of the case) or "good cause" for filing under seal. *See Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). Additionally, such Party seeking to file a document under seal must include with the document either (i) a certificate of service certifying that the sealed document was served on the opposing Party, or (ii) an affidavit showing good cause why the document has not been served on the opposing attorney. Further, nothing in this Order shall prevent a party from using at trial any information or Discovery Materials designated as Confidential Information.

15. No person shall use any material designated under this Order for any

1  purpose other than litigating this matter, nor shall any material designated herein be
2  distributed to anyone not designated herein as an acceptable recipient and directly
3  involved in litigating this matter.

4  16. This Agreement shall be without prejudice to the right of the Parties (i) to
5  bring before the Court at any time the question of whether any particular document or
6  information is Confidential or whether its use should be restricted or (ii) to present a
7  motion to the Court for a separate protective order as to any particular document or
8  information, including restrictions differing from those as specified herein. This
9  Agreement shall not be deemed to prejudice the Parties in any way in any future
10 application for modification of this Agreement or its applicability to a particular discovery
11 or related dispute.

12 17. This Agreement is entered solely to facilitate the expeditious production of
13 documents and information during discovery without unnecessarily involving the Court
14 in the process. Nothing in this Agreement nor the production of any information or
15 document under the terms of this Agreement nor any proceedings pursuant to this
16 Agreement shall be deemed to have the effect of an admission or waiver by any Party
17 or of altering the confidentiality, non-confidentiality, admissibility, or non-admissibility of
18 any such document or information or altering any existing obligation of any Party or the
19 absence thereof.

20 **MISCELLANEOUS**

21 18. Nothing herein shall affect any Party's or person's right to object to any
22 discovery request, including the right to assert that no discovery should be had of
23 certain documents or information. Nor shall anything herein affect any Party's right to
24 seek the production of documents, testimony, or any other information not previously
25 designated as "CONFIDENTIAL" from any other source.

26 19. The inadvertent production in the course of discovery in this action of any
27 document or information (whether designated as "CONFIDENTIAL" or not) shall not be
28 deemed to waive whatever attorney-client privilege, work product protection, or other

privilege or immunity that would otherwise attach to the document or information produced or to other documents or information, (but excluding Confidentiality which inadvertent disclosure shall be handled under Section 10 below) as long as the Producing Party or person, promptly after discovery of the inadvertent production, notifies the other Party or Parties of the claim of privilege or other protection or immunity. Upon such notice, the other Parties shall have all rights and timing affording them under Ninth Circuit precedence on the "claw back" of such claimed privileged or work product protected information, documents, or materials.

20. If the Court does not sign the Protective Order, the Parties agree to negotiate in good faith for a revised stipulation that the Court will find acceptable and to treat all Discovery Materials disclosed before and while that negotiation is proceeding per the terms of this Agreement.

21. This Agreement may be modified only by execution of a written amendment to this Agreement signed by all Parties or by the Court's order.

22. Each Party to this Agreement and person who signs Exhibit "A" hereby agrees to be subject to the jurisdiction of this Court for the purpose of the implementation and enforcement of this Agreement.

23. This Agreement shall survive the final termination of this action. The Court retains exclusive jurisdiction after settlement or entry of judgment to enforce the terms of this Agreement.

24. This Agreement is binding upon all future or successor attorneys representing the Parties.

25. Nothing in the foregoing provisions of this Order shall be deemed to preclude any persons from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of the designated material as that person may consider appropriate, nor shall any person be precluded from seeking and obtaining an order that the designated materials are not entitled to protection, or entitled to a more limited form of protection than designated herein.

26. No part of the restrictions imposed by this Order may be modified or terminated except by further stipulation and order of the Court for good cause shown after notice to the other Party to this Agreement.

27. The parties will not unnecessarily publicize any records / information produced. However, their not doing so shall not be deemed to be an agreement that documents / information are "Confidential" or a waiver of their right to so designate or challenge any document or material produced.

28. The Court shall retain exclusive jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.

29. At the Producing Party's election, after the termination of this action, the Producing Party may (a) demand that the Receiving Party destroy all Confidential Information and all derivatives from it within sixty (60) days of written notice from the Producing Party or its counsel; or (b) permit the Receiving Party to maintain copies of the produced documents. Notwithstanding the provisions of this paragraph, counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Confidential Information.

**IT IS SO AGREED AND STIPULATED.**

| DATED this 16th day of April, 2025. | DATED this 16th day of April, 2025. |
|---|---|
| LAW OFFICES OF JOHN BENEDICT | GARIN LAW GROUP |
| /s/ John Benedict | *[signature]* |
| _____ | _____ |
| John Benedict, Esq.<br>8965 S. Eastern Ave. Suite 382<br>Las Vegas, NV 89123<br>John@Benedictlaw.com | JOSEPH P. GARIN, ESQ.<br>Nevada Bar No. 6653<br>LISA J. ZASTROW, ESQ.<br>Nevada Bar No. 9727<br>9900 Covington Cross Drive, Suite 210<br>Las Vegas, Nevada 89144<br>jgarin@garinlawgroup.com<br>lzastrow@garinlawgroup.com |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |

**IT IS SO ORDERED.**

_____
U.S. MAGISTRATE JUDGE
Dated: __April 16, 2025__